[Crim. No. 29807. Second Dist., Div. Five. Nov. 4, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
BASIL LOUIS, Defendant and Appellant.

**COUNSEL**

Paul Halvonik, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Jonathan B. Steiner and Nancy Ann Stoner, Deputy State Public Defenders, for Plaintiff and Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Juliet H. Swoboda and Sandy R. Kriegler, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

ASHBY, J.—In a jury trial appellant was found to have committed first degree robbery and to have used a firearm during the commission of the offense. (Pen. Code, §§ 211, 211a, 12022.5.) He was sentenced to state prison.

Appellant was one of three men who robbed Frank Fiori's liquor store in Temple City at about 9:30 p.m. on April 16, 1976. As the three men stood at the cash register making purchases, one of them pulled out a .38 caliber revolver, exhibit 1C, and told Mr. Fiori to freeze. While this robber went behind the counter to empty the cash register, appellant went to the back room, where Mr. Fiori heard the sound of drawers being opened and closed.

Daniel Lefler, a plainclothes policeman who was known to Mr. Fiori, entered the store with his father and brother. Mr. Fiori nodded at him, and Lefler inferred that a robbery was taking place. The third robber displayed a four-inch revolver and directed Lefler's father and brother to stand against a wine rack. Appellant came out of the back room, went behind the counter and assisted the other robber in filling a paper bag with money, and said, "Where's the safe at, man? Where's the fucking safe at?" Appellant "palmed" a snub-nosed revolver, exhibit 1A, in his right hand. Both Mr. Fiori and Officer Lefler observed it.

Officer Lefler drew his gun and told the suspects to freeze. The robbers ran behind the potato chip rack and out of the store. As Officer Lefler rounded the potato chip rack, he found appellant in a combat crouch position facing Officer Lefler and holding the gun in the officer's direction. Officer Lefler fired, but the suspects escaped. The stolen property, however, was dropped at the front door.

Mr. Fiori and Officer Lefler positively identified appellant at the preliminary hearing, at trial, and by picking his photograph. All three robbers wore knit watch caps.

At 11:15 p.m. Reserve Deputy Sheriff Ray Smith came upon a parked car in an alley north of Whittier Boulevard approaching Norwalk Boulevard. When he directed a spotlight on the car, the passenger door was opened and a hat was dropped to the sidewalk. The hat contained three revolvers, exhibits 1A, 1B, and 1C, and two other watch caps. Appellant, one of four men occupying the car, was sitting in the right front passenger seat. All the occupants were arrested and another hat was found inside the car.

Appellant presented an alibi defense. His sister testified that appellant was at her home until 9 or 10 p.m. that night and was then dropped off at Adams and Crenshaw in Los Angeles.

Ronald Barnett, a youth who also entered the store during the robbery, was called as a defense witness. He identified appellant as one of the robbers, but stated that appellant was not the one who came out of the back room asking where the safe was. After identifying appellant, he identified exhibit 1A as a gun that he saw during the robbery, but he was never specifically asked which robber possessed it. He did not see the guns of the other robbers.

## Discussion

Appellant contends (1) that the court erroneously instructed the jury on Penal Code section 12022.5 and (2) that appellant did not receive adequate notice that his sentencing hearing in this matter would also involve revocation of probation in a prior case. The first contention is without merit. We do not reach the second.

### Instructions On Use Of A Firearm

■ Appellant first contends that the court did not adequately instruct the jury on use of a firearm. (Pen. Code, § 12022.5.) The court instructed the jury substantially in the language of CALJIC No. 17.19 as follows:

"It is charged that in the commission of the offense described the defendant used a firearm.

"The word 'firearm' includes a pistol, revolver, shotgun, rifle or any other device, designed to be used as a weapon, from which a projectile may be expelled by the force of an explosion or other form of combustion.

"The term 'used a firearm' includes not only an intentional discharge thereof but also the use thereof as an object with which to hit or strike or display in a menacing manner.

"If you find the defendant guilty of the crime thus charged, it then will be your duty to determine whether or not he used a firearm in the commission of the offense, and you will include a finding on that question in your verdict, using a form that will be supplied for that purpose."

Appellant contends that the court, *sua sponte*, should have made more clear that the jury was required to find that appellant personally used a firearm and could not impute to appellant the use of a firearm by any of the other robbers. (*People* v. *Walker,* 18 Cal.3d 232, 240 [133 Cal.Rptr. 520, 555 P.2d 306].) However, *Walker* is distinguishable because there the trial court affirmatively instructed the jury that personal use was *not* required. (*Id.* at p. 239.) Likewise, in *People* v. *Bush,* 50 Cal.App.3d 168, 172-173 [123 Cal.Rptr. 576], overruled in part in *Walker,* the trial court expressly instructed the jury that personal use was not required.[1] Appellant cites no authority holding that giving CALJIC No. 17.19 itself, constitutes prejudicial error. The jury was instructed "to determine whether or not *he* used a firearm in the commission of the offense . . . ." (Italics added.) In the absence of an instruction affirmatively misleading the jury in this regard, we cannot say that this instruction is erroneous. There is language in the *Walker* opinion which implies that the court would not have found prejudicial error if the jury had been instructed solely in the language of CALJIC No. 17.19, where, as here, there is evidence to support a finding of personal use. (*People* v. *Walker, supra,* 18 Cal.3d at p. 242.)

Appellant's argument that the jury might have been misled by this and other instructions into finding the use allegation true notwithstanding that he did not personally use a gun, is not persuasive. Both Mr. Fiori and Officer Lefler observed appellant palming a snub-nosed revolver. Officer Lefler testified all three robbers were armed. During the chase, Officer Lefler observed appellant in a combat crouch position holding the gun in the officer's direction. Although Ronald Barnett stated appellant was not the robber who came out of the back room, he did not testify that appellant did not have a gun. On the contrary, he identified appellant; he identified exhibit 1A as a gun he saw during the robbery;

[1]The instant trial occurred prior to the decision in *Walker,* but after the decision in *Bush,* which had held that personal use was not required.

and he did not see "the guns the other robbers had." In finding appellant guilty, the jury rejected his alibi defense. There is no reasonable basis in the record for a conclusion that appellant was guilty of the robbery but did not use a firearm in its commission.

Appellant further contends that the court failed to instruct the jury that the burden of proof beyond a reasonable doubt applies to the use of a firearm finding as well as to the finding of guilt. CALJIC No. 17.19 contains such a statement,[2] but for some reason not disclosed in the record, it was omitted from the instruction requested by the People and given by the court. The record likewise does not reflect that appellant objected to the instruction requested by the People or specifically requested that the jury be instructed on reasonable doubt as it relates to the use of a firearm finding. (Cf. *People* v. *Sears*, 2 Cal.3d 180, 190 [84 Cal.Rptr. 711, 465 P.2d 847].) The trial court did, of course, instruct generally on the burden of proof beyond a reasonable doubt. (Pen. Code, §§ 1096, 1096a; CALJIC No. 2.90.)

Appellant cites no authority holding that reversible error is committed if the court fails to instruct on reasonable doubt as it applies specifically to use of a firearm. He cites only cases in which the court wholly failed to instruct the jurors that the defendant was entitled to acquittal unless each element of the crimes charged was proved to the jurors' satisfaction beyond a reasonable doubt. (See *People* v. *Vann*, 12 Cal.3d 220, 227 [115 Cal.Rptr. 352, 524 P.2d 824].) In this case, however, the omission in the use of a firearm instruction was nonprejudicial since the court otherwise instructed on reasonable doubt.

### PROBATION REVOCATION

At the time it sentenced appellant to state prison for the instant offense (case No. A555077), the court also found appellant to be in violation of probation on a prior case (case No. A552864), revoked probation and sentenced appellant to a concurrent term in the state prison for that offense. Appellant contends that the reporter's transcript of the sentencing hearing fails to show that appellant was given notice that the hearing would also serve as a probation revocation hearing on his prior case. He contends this was a violation of his due process right to notice of the claimed violation of probation. (*People* v. *Vickers*, 8 Cal.3d 451, 457-458 [105 Cal.Rptr. 305, 503 P.2d 1313].)

---

[2]CALJIC No. 17.19 states in part: "He may be found to have used a firearm in the commission of the crime charged only if the proof shows beyond a reasonable doubt that he used a firearm at such time." (CALJIC No. 17.19 (3d rev. ed. 1976 pocket pt.) p. 272.)

Respondent contends that this issue is not properly before us because appellant did not appeal from the order revoking probation or the judgment in No. A552864.[3] The notice of appeal is labeled solely as to No. A555077 and states that the appeal is from "the judgment rendered against him in the above entitled action." There is considerable merit to respondent's contention. We have before us only the record in No. A555077. As respondent argues, one would not expect to find written notice of alleged probation violation as to case No. A552864 in the record of case No. A555077. It is also conceivable that there were other proceedings in No. A552864 which were not transcribed for the record in No. A555077. Thus, although appellant urges that we could liberally construe the notice of appeal to be also from the order revoking probation or judgment in No. A552864 (see *People* v. *Robinson,* 43 Cal.2d 143, 145-146 [271 P.2d 872]; *People* v. *Delles, supra,* 69 Cal.2d 906, 909),[4] that would not be appropriate here because the record is not adequate. We conclude the judgment or order in No. A552864 is not before us on this appeal.[5]

The judgment in No. A555077 is affirmed.

Kaus, P. J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 28, 1977.

---

[3]The record does not show whether appellant had been granted probation upon suspension of the proceedings, or after imposition of sentence, with sentence suspended. This could make a difference as to whether the appeal would be from the order revoking probation, as an order after judgment, or from the subsequently imposed judgment. (See *People* v. *Delles,* 69 Cal.2d 906, 909 [73 Cal.Rptr. 389, 447 P.2d 629]; *In re Thomas,* 27 Cal.App.3d 31, 33 [103 Cal.Rptr. 567].)

[4]As grounds for so construing the notice of appeal, appellant urges that the court pronounced the judgment on the two cases practically at the same time, and that appellant relied upon his attorney, who, before the court could explain appellant's appellate rights to him, interrupted the court with the statement, "I just filed an appeal with the court, so we can waive that."

[5]In any event it is difficult to conceive how appellant was prejudiced even if the court did not orally pronounce that it intended to dispose of the probation revocation also. (Cf. *People* v. *Thomas,* 45 Cal.2d 433, 438 [290 P.2d 491] (Pen. Code, § 1200).) Appellant's conviction in No. A555077 established the violation of probation and the only contestable issue would have been whether the violation warranted revocation. (See *People* v. *Coleman,* 13 Cal.3d 867, 895, fn. 22 [120 Cal.Rptr. 384, 533 P.2d 1024].) The relevant circumstances were included in the probation report and discussed by appellant's counsel on the issue of sentencing in No. A555077. The court, upon full consideration, sentenced appellant to state prison in No. A555077, and could hardly have reached any other conclusion as to revocation of probation in No. A552864.