[Crim. No. 32072. Second Dist., Div. Two. Oct. 18, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNIE RAY GARCIA et al., Defendants and Appellants.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, and Richard A. Curtis, Deputy State Public Defender, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, and Robert M. Foster, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**COMPTON, J.**—Defendants were convicted by a jury of the commission of three felonies:

(1) assault with a deadly weapon;

(2) assault with a deadly weapon on a police officer; and

(3) possession of a sawed-off shotgun.

As to the assault on the police officer, the jury found that defendants had been armed with a deadly weapon.

On appeal the defendants make three claims of error in connection with matters affecting their sentences. The Attorney General concedes the merit of one of these claims and we find the other two also to be meritorious.

The essential facts of the case and their sufficiency to support the convictions are not disputed by the defendants. They were two of four occupants in an automobile from which shots were fired at another vehicle and its occupants. They were arrested after a high speed chase by police during which shots were fired at the pursuing officers.

The occupants of the car were seen, during the chase, to throw weapons from the windows. A later search of the route turned up a 12 gauge shotgun, a sawed-off shotgun, a .22 semi-automatic rifle and various items

of ammunition. Used and unused ammunition was found in the car and a clip of ammunition for the .22 was found in Escobedo's pocket.

Penal Code section 12022, subdivision (a), provides for enhancement of the punishment of anyone armed with a firearm during the commission of a felony offense. That statute, however, specifically exempts from its operation an offense in which "such arming is an element of the offense." Hence the Attorney General concedes that the judgment must be modified to vacate any enhancement based on the jury's finding of defendants being "armed."

The court, in sentencing the defendants, used the assault with a deadly weapon on the police officer as the principal term. It imposed consecutive subordinate terms for the assault with a deadly weapon and possession of the sawed-off shotgun.

■ Defendants contend that Penal Code section 654, which prohibits multiple punishment, bars separate punishment for the possession of the sawed-off shotgun.

Whether a deadly weapon control law violation can be punished separately from any offense in which the weapon is used depends upon a determination that the weapons violation—in this case possession of a sawed-off shotgun—was antecedent and separate from the assault. (*People* v. *Venegas*, 10 Cal.App.3d 814 [89 Cal.Rptr. 103]; *People* v. *Jurado*, 25 Cal.App.3d 1027 [102 Cal.Rptr. 498].) If the evidence shows no other purpose for the possession than the simultaneous commission of an assault, the possession becomes merely a part of an indivisible transaction and separate punishment is not permitted.

Hence we must conclude that the evidence shows that defendants possessed the sawed-off shotgun for no distinct or separate purpose than the random vicious assaults which they committed on the streets of the community.

■ Finally defendants allege that the jury was improperly instructed on the requirements for determining that they "used" a firearm during the commission of the assault with a deadly weapon.

Penal Code section 12022.5, as it read at the time defendants committed the offenses, called for enhanced punishment for a person who personally uses a firearm in the commission of a felony. The predecessor to this statute had been interpreted as requiring a personal

rather than vicarious use before enhancement would result. (*People* v. *Walker*, 18 Cal.3d 232 [133 Cal.Rptr. 520, 555 P.2d 306].) A July 1, 1977 amendment to the statute resulted in the insertion of the word "personally." The crimes here were committed in August of 1977.

The trial court instructed the jury on the issue as follows:

"It is charged . . . that in the commission of the crime described the defendants used a firearm.

"The word 'firearm' includes a pistol, revolver, shotgun, rifle or any other device, designed to be used as a weapon, from which a projectile may be expelled by the force of an explosion or other form of combustion.

"The term 'used a firearm' includes not only an intentional discharge thereof but also the use thereof as an object with which to hit or strike or display in a menacing manner.

"If you find the defendant guilty of the crime thus charged . . . it then will be your duty to determine whether or not *they* used a firearm in the commission of the crime.

"He may be found to have used a firearm in the commission of the crime charged only if the proof shows beyond a reasonable doubt that he used a firearm at such time.

"You will include a finding on that question in your verdict, using a form that will be supplied for that purpose." (Italics ours.)

This instruction was a modified version of CALJIC No. 17.19. The modification consisted of the judge, at the underlined places, changing the term defendant to defendants (plural) in the first sentence and changing he to they in the fourth sentence.

In *People* v. *Louis*, 75 Cal.App.3d 620 [142 Cal.Rptr. 182], Division Five of this court held that the use of the *un*modified version of this instruction was not error in a case where there was a single defendant and direct evidence of his personal use. There the court stated there was no reasonable basis in the record which would support a conclusion that the defendant was guilty of the charged robbery but was not personally armed. According to the *Louis* opinion, the unmodified instruction was *not affirmatively misleading.*

The issue is simply one of the application of the harmless error rule. (Cal. Const., art. VI, § 13.) (Also see language to that effect in *People* v. *Walker, supra.*)

Here the instruction as modified is, at best, awkward in its attempt to direct individual treatment of two defendants. Probably the better course would have been to substitute the words "each" or "a" for "the" before each use of the word defendant. Of course, the safest course would be to insert into the instruction the words "personally used" as is suggested by the most recent revision of CALJIC (CALJIC No. 17.19, 1977 Revision).

While we do not hold that the latest CALJIC revision is the best or only way to instruct the jury on the issue, we conclude that in this case the instruction that was used was inadequate to tell the jury that each defendant must be proved beyond a reasonable doubt to have personally used a firearm in the commission of the crime. It was affirmatively misleading.

The evidence, as might be expected under the circumstances of weapons being fired from a moving automobile containing four persons at night, was not so clear that we can say that the jury could not have reached a different decision on the "use" allegation had a correct instruction been given.

The judgments are reversed and remanded to the trial court to permit a limited retrial on the issue of the "use" allegation and for resentencing consistent with the views stated herein.

Fleming, Acting P. J., and Beach, J., concurred.

A petition for a rehearing was denied October 31, 1978.