[No. A026495. First Dist., Div. Five. Apr. 22, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD HOPKINS, Defendant and Appellant.

**COUNSEL**

Randy Montesano, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ronald E. Niver and Eugene W. Kaster, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LOW, P. J.**—In this case, we hold that a sentencing court may not make dual use of facts for different enhancements. We also hold that Penal Code section 1170.1, subdivision (e)[1] prohibits more than one of three enhancements to be imposed for a single offense except for attempted or actual robbery, rape or burglary.

Defendant Ronald Hopkins was convicted after a court trial of the following crimes: count I, attempted robbery (§§ 211/664); count II, burglary (§ 459); count III, possession of a sawed-off shotgun (§ 12020, subd. (a)); count IV, assault with a firearm on one Lloyd Perry (§ 245, subd. (a)(2)); count V, assault with a deadly weapon on one Ronald Klauer (§ 245, subd.

---

[1]All statutory references are to the Penal Code.

(a)(1)); counts VI-XVIII, XX and XXII-XXVI involve false imprisonment of 19 persons (§ 236). The court also found true the following enhancements set forth as special allegations: first enhancement, use of a firearm (§ 12022.5); second enhancement, intentional infliction of great bodily injury (§§ 12022.7 and 1203.075); third enhancement, personal use of a deadly weapon (§ 12022, subd. (b)); fourth enhancement, armed with a firearm, having previously been convicted of felonies (§ 1203.06, subd. (a)(2)); fifth enhancement, four prior serious felony convictions (a 1972 robbery, assault with intent to commit robbery, assault with a deadly weapon, and an ex-felon in possession of a firearm [§§ 667, 1192.7]); seventh enhancement, service of a prior prison term (a 1972 conviction for robbery, assault with intent to commit robbery, assault with a deadly weapon, and an ex-felon in possession of a firearm) and failure to remain free of prison custody for a period of five years after serving that prison term (§ 667.5, subd. (b)); eighth enhancement, service of a prior prison term (a 1975 conviction for possession of drugs/alcohol in prison) and failure to remain free of prison custody for a period of five years after serving that prison term (§ 667.5, subd. (b)).[2]

Defendant was sentenced to an aggregate prison term of nineteen years and four months, calculated as follows: The upper base term of four years on count IV, assault with a firearm on Lloyd Perry, deemed to be the principal term; consecutive terms of one year on count V, assault with a deadly weapon on Ronald Klauer; and eight months on count III, possession of a sawed-off shotgun. Sentence was stayed pursuant to section 654 on counts I, II, VI through XVIII, XX and XXII through XXVI. Additionally, the sentence was enhanced by a consecutive term of thirteen years, calculated as follows: Two years on the first enhancement (use of a firearm); three years on the second enhancement (intentional infliction of great bodily injury); one year on the third enhancement (use of a deadly weapon); five years on the fifth enhancement (1972 serious felony convictions, § 667); one year on the seventh enhancement (1972 prior prison term, § 667.5); and one year on the eighth enhancement (1975 prior prison term, § 667.5).

Finally, defendant was sentenced to a consecutive term of eight months for an attempted escape from county jail while awaiting trial in violation of section 4532, subdivision (b).

On appeal, defendant contends that the trial court made sentencing errors. In reviewing the calculation of defendant's sentence, we are bound by the court's findings of fact and sentence choices made when judgment was imposed.

---

[2]Additional enhancements were alleged in the complaint, but they are not relevant to this appeal.

## I

At 7:40 p.m. on January 16, 1983, defendant was seen entering the K & S Market. Shortly after 5 a.m. on the following day, he was encountered by Sergio Ruedas, a stock clerk. Defendant was wearing a blue and white ski mask and was armed with a sawed-off shotgun. He forced Mr. Ruedas to go from a warehouse upstairs down into the main part of the store. There, both men encountered Ronald Klauer, manager and part owner of the market. Defendant forced both men into the nearby men's restroom which was occupied by Charles Castillo, a truck driver for a food wholesaler.

Defendant told Castillo and Ruedas to remain in the restroom and ordered Klauer to go to the office in the northeast corner of the store. He cocked his weapon and told Klauer to open the safe. When Klauer was unable to remember the combination, defendant threatened to cut off his fingers with a machete that he produced from his pants. He pressed the blade against Klauer's neck and stomach; when Klauer was unable to open the safe, defendant hit him in the back of the head with the butt of the shotgun.

After Klauer's unsuccessful effort to open the safe, defendant directed 17 store employees to go to the restroom; these 17 people joined Castillo and Ruedas in the restroom. One of the employees, Emma Lamb, eluded defendant's sweep of the store, went to the locked front doors, and asked a passerby to call the police.

Meanwhile, defendant and Klauer proceeded to the rear of the store and were met by Lloyd Perry, a bread salesman. Defendant pointed a shotgun at Perry and pulled him inside the building. Klauer then grabbed defendant's shotgun and a struggle ensued. While Klauer and defendant were struggling over the shotgun, Perry started to hit the defendant over the head with a plastic price label marker. At some point during the struggle, defendant's gun discharged and wounded Perry in the leg. Defendant pulled the machete out of his pants and put the blade to Klauer's throat. Klauer cut his hand when he grabbed the machete and pulled it away from defendant. In the struggle, defendant's mask was removed. Defendant fled and was quickly apprehended by the police. Three of the people involved in the incident positively identified defendant in court as the man who had attempted to rob the K & S Market.

## II

Section 654 provides that an "act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished

under more than one . . . ." Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of this section depends on the intent and objective of the actor; if all offenses were incident to one objective, defendant may be punished for any one of such offenses, but not for more than one. (*Neal* v. *State of California* (1960) 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839].)

■ Defendant correctly contends that the trial court's eight-month sentence imposed for possession of the sawed-off shotgun, count III, was improper. Defendant argues that possession of the shotgun was merely incidental to, and was part of defendant's overall objective of accomplishing a robbery. Although defendant was convicted for the crime of attempted robbery, sentence for that crime was not imposed but was stayed. Sentence was imposed for the two assaults. There was no evidence of an antecedent possession of the firearm; the evidence showed a possession only in conjunction with these greater offenses. The result of imposing an additional consecutive sentence here for possession of a firearm would therefore be a violation of section 654 in that it would constitute a multiple punishment for the assaults. (See *People* v. *Hays* (1983) 147 Cal.App.3d 534, 552-553 [195 Cal.Rptr. 252]; *People* v. *Garcia* (1978) 86 Cal.App.3d 314, 317 [150 Cal.Rptr. 93].) The sentence imposed on count III must be stayed, with the stay becoming permanent upon completion of the imposed sentence.

■ Defendant next contends that the trial court erred in imposing a one-year consecutive prison term on count V, assault upon Klauer with the machete and the shotgun, because that assault was incident to one overall criminal objective—the robbery of the K & S Market. Defendant relies on *People* v. *Medina* (1972) 26 Cal.App.3d 809 [103 Cal.Rptr. 337] and *People* v. *Flowers* (1982) 132 Cal.App.3d 584 [183 Cal.Rptr. 276]. That reliance is misplaced. In those cases, it was ruled error to impose sentences on a single assault and a single robbery conviction where both were part of an indivisible course of conduct with a single objective. (*People* v. *Medina, supra,* at pp. 823-824; *People* v. *Flowers, supra,* at p. 588.) While we agree that the assault with a deadly weapon upon Klauer was incidental to the attempted robbery, sentence was *not* imposed on both convictions. Sentence on the attempted robbery conviction was stayed pursuant to section 654.

As a general rule, even though a defendant entertains a single principal objective during an indivisible course of conduct, he may be convicted and punished for each crime of violence committed against a different victim. (*People* v. *Miller* (1977) 18 Cal.3d 873, 885 [135 Cal.Rptr. 654, 558 P.2d 552].) Assault is recognized as a crime of violence in this context. (*People* v. *Prater* (1977) 71 Cal.App.3d 695, 699 [139 Cal.Rptr. 566].) Sentence

was properly imposed on count V, the assault with a deadly weapon on Ronald Klauer, as well as on count IV, the wounding of Lloyd Perry with the shotgun. Since the sentence for the attempted robbery was stayed, there was no violation of section 654. If defendant's argument were accepted it would result in a staying of the sentences for both the attempted robbery and the assault on Klauer.

As his third contention, defendant argues that the trial court's enhancement of his sentence under sections 667 and 667.5, subdivision (b) violates section 654. The trial court imposed a five-year enhancement under section 667 for the four 1972 serious felony convictions (fifth enhancement), and a one-year enhancement under section 667.5, subdivision (b) for failing to remain free from custody for five years after serving a prior prison term for the 1972 felony convictions (seventh enhancement). Defendant correctly argues that the trial court's use of these same 1972 felony convictions to enhance his sentence under sections 667 and 667.5 violates the proscription against multiple punishment under section 654.

Section 654 generally proscribes punishing the same act twice under different enhancement statutes. (*People* v. *Carter* (1983) 144 Cal.App.3d 534, 543 [193 Cal.Rptr. 193]; *People* v. *Moringlane* (1982) 127 Cal.App.3d 811, 818 [179 Cal.Rptr. 726] [disagreeing with the language in *People* v. *Boerner* (1981) 120 Cal.App.3d 506, 511 [174 Cal.Rptr. 629], which suggests that § 654 does not apply to enhancements].) The same fact may not be used to justify imposition of the upper base term and to enhance a defendant's prison sentence. (§ 1170, subd. (b); Cal. Rules of Court, rule 441(c).) The same factor cannot be used to impose two enhancements. (*People* v. *Flores* (1981) 115 Cal.App.3d 67 [171 Cal.Rptr. 365].) "Common sense leads to the conclusion that the Legislature, having expressed its concern with the dual use of facts both to aggravate and enhance, has expressed a policy equally applicable to dual use of the same fact to impose two enhancements. Further indication of this policy can be seen in the prohibition of Penal Code section 654 against multiple punishment for one criminal act." (*Id.,* at p. 79.) The *Flores* court reasoned that reversal was not required in light of the multitude of valid factors that were considered by the trial court in its decision to impose consecutive sentences, and the fact that it was not reasonably probable that in the absence of the invalid factor a different result would have occurred. (*Id.,* at p. 80.) This is not the situation in this case. A single fact—the 1972 felony convictions—was relied on as a basis for imposing both the five-year section 667 enhancement (fifth enhancement) and the one-year section 667.5 enhancement (seventh enhancement). This dual use of defendant's criminal past violates section 654.

The People contend that there was no dual use problem in this case. They argue that under section 667 the simple fact of *conviction* of a specified

offense is sufficient to trigger the five-year enhancement under section 667. The People attempt to distinguish this with the section 667.5, subdivision (b) enhancement, arguing that under this section the defendant must be (a) convicted of a specified crime, (b) imprisoned, and (c) unable to remain free for five years. Therefore, they argue that the court is using different facts, conviction alone (§ 667) and imprisonment (§ 667.5), to impose two different punishments.

The same argument was considered and rejected in an analogous context in *People* v. *Carter, supra,* 144 Cal.App.3d 534. In *Carter,* defendant's sentence was enhanced under both section 667.5, subdivision (a), which provides an enhancement for each "prior separate prison term served" and section 667.6, subdivision (a), which provides an enhancement where the defendant "has been convicted previously of any" enumerated forcible sex offense. In *Carter,* the court reasoned: "The fact one statute talks of a 'prison term' while the other talks of a 'conviction' is a distinction without a difference. It is the prior sex offense that is the 'act' for purposes of section 654. The fact that some forcible sex convictions might result in a prison term (punishable under § 667.5) while others may not, does not alter the circumstances of this case, in which defendant's prior rape resulted in both a conviction and a prison term. The prior *sex offense* is the act which is the object of both statutes and therefore may be punished under either section, but not both." (*Id.,* at p. 542, italics added.) The acts which are being punished under two different statutes are defendant's 1972 offenses of robbery, assault, and possession of a firearm.

The People's final contention is that *Carter* should be disregarded to the extent that it failed to consider one of the arguments set out in *People* v. *Hurley* (1983) 144 Cal.App.3d 706 [192 Cal.Rptr. 805]. In *Hurley,* the court determined that it was not unfair to aggravate the base term for numerous prior convictions, which also included prior convictions used for enhancement purposes, yet enhance the sentence for serving a prior prison term under section 667.5 because "[d]ifferent qualitative factors are involved." (*Id.,* at p. 713.) *Hurley* does not compel a different conclusion. The trial court's pronouncement at the time of sentencing reasonably indicates a desire to impose the greater of two punishments, should any punishment be invalidated. Accordingly, the one-year term imposed on the seventh enhancement is stricken.

### III

■  Defendant contends that the trial court erred in imposing more than one enhancement on a single offense in violation of section 1170.1, subdivision (e). Section 1170.1, subdivision (e) provides that if two or more

enhancements under sections 12022, 12022.5 and 12022.7 may be imposed for a single offense, only the greatest shall actually be imposed, except in cases of actual or attempted robbery, rape or burglary. Section 1170.1, subdivision (e) permits imposition of only one enhancement—for intentional infliction of great bodily injury—on the offense of assault with a firearm (count IV).

■  Finally, the trial court is not precluded from imposing the first enhancement (use of a firearm) on count V (assault with a deadly weapon on Ronald Klauer), provided the third enhancement (use of a deadly weapon) is vacated. Only one-third of that enhancement may be imposed. Section 1170.1, subdivision (a) provides that the subordinate term for any offense which is a "violent felony" shall include one-third of any enhancements imposed pursuant to sections 12022, 12022.5 or 12022.7. The assault on Ronald Klauer was a "violent felony" because defendant used a firearm when he hit Klauer on the back of the head with the butt of the shotgun. (See § 667.5, subd. (c)(8); *People* v. *Walls* (1978) 85 Cal.App.3d 447, 454 [149 Cal.Rptr. 460].) The trial court erred in imposing a full two-year enhancement for use of a firearm and should have imposed only one-third of that term. The first enhancement must therefore be modified accordingly.

Based on the court's findings of fact and sentence choices, defendant's sentence must be recalculated as follows: The eight-month sentence on count III is stayed, with the stay becoming permanent upon completion of the imposed sentence; the seventh enhancement is vacated; the third enhancement is vacated; the first enhancement is modified and reduced to eight months. In all other respects, the judgment is affirmed. The trial court is ordered to modify the abstract of judgment so that it conforms to the following:

*Principal Term*:
Four years (upper term imposed on count IV)
Three years (second enhancement imposed on count IV)

*Subordinate Term*:
One year (one-third of the midterm imposed on count V)
Eight months (one-third of the first enhancement, imposed on count V)
Eight months (one-third of the midterm imposed for the attempted escape)

*Other Enhancements*:
Five years (fifth enhancement)
One year (eighth enhancement)

*Total*:
Fifteen years, four months

King, J., concurred.

**HANING, J.**—I concur except for the directions to the superior court. I would remand for resentencing at the discretion of the trial court.