[No. H008449 Sixth Dist. July 6, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
GREGORY CHARLES GOODNER, Defendant and Appellant.

## COUNSEL

Rita L. Swenor, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald E. Niver and Morris Beatus, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

COTTLE, Acting P. J.—

I

### INTRODUCTION

In *People* v. *Goodner* (1990) 226 Cal.App.3d 609 [276 Cal.Rptr. 542] (hereafter *Goodner I* ), this court reversed the trial court's orders striking the prior serious felony conviction allegations against defendant Gregory Goodner involving priors No. 69112 and No. 76965 from Santa Clara County (hereafter 69112 and 76965), reinstated the allegations, and remanded this case to the trial court for further proceedings consistent with the views expressed in that opinion. The judgment was affirmed in all other respects. (226 Cal.App.3d at pp. 619-620.) On remand, defendant waived jury trial and proceeded with a court trial on the truth of those two prior serious felony allegations. After the trial court denied defendant's motion to withdraw his guilty plea and rejected his plea of once in jeopardy, it found true the prior serious felony allegations. Defendant's sentence of 25 years in state prison included an additional 10 years for the 2 prior serious felony enhancements. The case returns to this court where defendant contends (1) his statement to

the probation officer contained in the 69112 probation report was inadmissible "on constitutional grounds as a violation of his privilege against self-incrimination" (capitalization omitted), (2) the evidence was insufficient to establish that 69112 was a burglary of an inhabited dwelling, (3) the trial court abused its discretion in refusing to consider imposing a one-year rather than a five-year enhancement with regard to 76965, and (4) he was subjected to double jeopardy "when, after appeal, he was tried for the second time on the previously stricken prior felonies." (Capitalization omitted.) For the reasons stated below, we shall affirm.

## II

### FACTS

Defendant pleaded guilty to robbery and admitted two prior serious felony allegations; he does not challenge the legal sufficiency of the plea or those admissions. He does challenge the result of the trial on remand, which concerned the truth of two other prior serious felony allegations. The relevant evidence as to the challenged priors is summarized below.

In 69112 the evidence showed that defendant indicated a willingness to enter a plea to second degree burglary and that as to this stipulated charge, defendant entered a guilty plea, in that "on or about the 7th day of April, 1978, [he] entered a house located at 644[1] Mt. Willington (*sic*), San Jose, California with intent to commit theft therein." In the portion of the report labeled "DEFENDANT'S STATEMENT: (Attached)" the probation officer summarized defendant's statement regarding several burglaries, including the one underlying 69112. As to that offense, the probation officer recounted defendant's statement as follows: "On April 11, 1978, after the defendant consumed a six-pack of beer and smoked a marijuana cigarette, he chose to burglarize a home with James Douglas Ward. While inside the victim's residence, for approximately five minutes, the defendant poured some vodka into a flask, while Ward ransacked the home. They later purchased food with the money Ward stole and as to the jewelry, Ward threw it away because it was of little value." In addition, the trial court read into the record a statement "purportedly [from appellant] Goodner" in 69112[1] in which defendant said his friend Ward told him "he knew of a house where nobody was home" where they could get either some beer or "booze" and that once they had broken into the house, "Doug went through the bedroom. I went and got some booze from a cabinet. Doug got some pot and $20.00 and some earrings from the bedroom. We then left the house and went back to the donut shop."

---

[1] We infer, as do the People, that the statement read into the record was defendant's "[a]ttached" statement referred to in the probation report in 69112.

In 76965 the preliminary examination transcript contained uncontradicted testimony of the victim, Leland Evans, that on August 22, 1980, he lived in a "single family ranch style home" at 19731 Almaden Road, San Jose. The probation report included a summary of facts describing the premises entered and burglarized as the residence of Leland Evans and defendant's statement to the probation officer agreeing with the probation officer's summary and admitting that he burglarized the Evans residence.

III

DISCUSSION

A. *Admissibility of Defendant's Statements in Probation Report in 69112*

 With regard to 69112, defendant contends the trial court erred in relying upon his statements to his probation officer, which are contained in the probation department report, to establish that he had been convicted of a prior residential burglary for the purpose of sentence enhancement under Penal Code section 667.[2] In arguing that his statements to the probation officer in 69112 are inadmissible against him in this subsequent criminal proceeding, defendant claims that, because the statements were "legislatively compelled," their introduction into evidence violates his privilege against self-incrimination. Nothing in defendant's argument convinces this court that defendant's statements in the probation report could not be used to prove the elements of the prior conviction. (See *Goodner I*, *supra*, 226 Cal.App.3d at pp. 613-616; accord, *People v. Garcia* (1989) 216 Cal.App.3d 233, 236-238 [264 Cal.Rptr. 662].)

Section 667, subdivision (a) imposes a five-year sentence enhancement for each proved prior conviction of a serious felony identified in sections 667, subdivision (d) and 1192.7, subdivision (c)(18). The latter section includes as a serious felony "burglary of an inhabited dwelling house . . . or inhabited portion of any other building." The People sought to prove that defendant's prior conviction in 69112 was indeed a residential burglary by offering that portion of the probation report in which the probation officer reports that the defendant said he went to the victim's "residence," "burglarize[d]" it and took some vodka and some jewelry and defendant's attached statement in which he admitted that his accomplice took some "pot and $20.00 and some earrings from the bedroom."

In *Goodner I*, we held that "where the nature of the proceeding is 'to determine whether a defendant has suffered a prior serious felony conviction

---

[2]Further statutory references are to the Penal Code unless otherwise specified.

(not to determine whether he is guilty of that earlier offense)' . . . [,] the defendant's statements contained in the probation report . . . , albeit hearsay, are . . . admissible as an exception to the hearsay rule to explain his admissions." (226 Cal.App.3d at p. 616, fns. omitted.)

This conclusion was based on the Supreme Court's ruling in *People* v. *Guerrero* (1988) 44 Cal.3d 343, 355 [243 Cal.Rptr. 688, 748 P.2d 1150], that a trial court may look beyond the bare judgment of conviction to the entire record, to determine whether the conviction involved the burglary of an inhabited residence. The Supreme Court explained, "Such a rule is both fair and reasonable. To allow the trier of fact to look to the entire record of the conviction is certainly reasonable: it promotes the efficient administration of justice and, specifically, furthers the evident intent of the people in establishing an enhancement for 'burglary of a residence'—a term that refers to *conduct*, not a specific *crime*. To allow the trier to look to the record of the conviction—*but no further*—is also fair: it effectively bars the prosecution from relitigating the circumstances of a crime committed years ago and thereby threatening the defendant with harm akin to double jeopardy and denial of speedy trial." While *Guerrero* permits the prosecution to use the record of conviction to prove a prior conviction, the Supreme Court declined to "resolve such questions as what items in the record of conviction are admissible and for what purpose or whether on the peculiar facts of an individual case the application of the rule set forth herein might violate the constitutional rights of a criminal defendant." (*Id.*, at p. 356, fn 1.)

Since *Guerrero*, several courts have found a variety of items from the file of a prior conviction proper for consideration. In defendant's first appeal, for example, we held the trial court erred in striking two prior serious felony allegations by refusing to consider the probation report in 69112 and the preliminary examination transcript in 76965 in order to determine the nature of the burglaries. (*Goodner I*, *supra*, 226 Cal.App.3d at p. 614.) In so holding, we followed the reasoning of *People* v. *Garcia*, *supra*, which held that the trial court was entitled to review admissions of a defendant in the probation report of his prior convictions. The *Goodner I* and *Garcia* courts recognized the problem that probation reports often contain hearsay matter. They nonetheless concluded that " '[i]f a defendant contends the hearsay information is unfair or untrue[,] he is given an opportunity to refute it.' " (*Goodner I*, *supra*, 226 Cal.App.3d at p. 615; *Garcia*, *supra*, 216 Cal.App.3d at p. 237.) Likewise, in *People* v. *Williams* (1990) 222 Cal.App.3d 911 [272 Cal.Rptr. 212], the court "did not see defendant's admissions as a problem, since the defendant was afforded an ample opportunity, both at the prior proceeding and the sentencing hearing, to challenge or refute the statement attributed to him. [Citation.]" (*Id.*, at p. 917, quoted in *Goodner I*, *supra*, 226 Cal.App.3d at p. 615.)

Upon remand in the case at bar, the probation report was admitted pursuant to our holding in *Goodner I*; the trial court allowed as admissions only defendant's statements regarding the nature of the prior offense while other hearsay in the report was excluded. Defendant, however, claims the introduction of the admissions violates his "federal and state constitutional rights."

The federal Constitution does not necessarily require exclusion of defendant's prior admission to a probation officer. (*Minnesota* v. *Murphy* (1984) 465 U.S. 420, 440 [79 L.Ed.2d 409, 427-428, 104 S.Ct. 1136].) In *Murphy*, the defendant sought suppression of his interview statements to his probation officer, with whom he was required to meet as a condition of probation. The court held that statements concerning an earlier unrelated crime were admissible in a subsequent prosecution, notwithstanding the failure to advise defendant of his privilege against self-incrimination. (*Id.*, at pp. 429-430 [79 L.Ed.2d at pp. 420-421].) Finding that the defendant's failure to assert his self-incrimination privilege was not excused by a court order that he respond truthfully or by the probation officer's threats of revocation if the defendant lied (*id.*, at pp. 431-435 [79 L.Ed.2d at pp. 421-425]), the court concluded "that since Murphy revealed incriminating information instead of timely asserting his Fifth Amendment privilege, his disclosures were not compelled incriminations. Because he had not been compelled to incriminate himself, Murphy could not successfully invoke the privilege to prevent the information he volunteered to his probation officer from being used against him in a criminal prosecution." (*Id.*, at p. 440 [79 L.Ed.2d at p. 428].) Defendant Goodner's contention to the contrary, we do not find the fact Murphy was involved in a postsentencing interview on a matter unrelated to that for which he was on probation while Goodner was interviewed in a presentencing posture significant. It was significant that Murphy's statements were found voluntary despite the court order that he respond truthfully and despite his probation officer's threats of revocation while, in Goodner's case, there is no indication that he made the admissions in response to coercion or with the express hope of obtaining a favorable report. California Rules of Court, rule 411.5 lists several items that a probation officer's presentence investigation report must include, including such items as a face sheet ((a)(1)), the facts and circumstances of the crime and defendant's arrest ((a)(2)), a summary of defendant's record of prior criminal conduct ((a)(3)), and information concerning the victim ((a)(5)). On the other hand, rule 411.5 lists other items which should be included if available or relevant, such as "[a]ny statement made by the defendant to the probation officer, or a summary thereof, including the defendant's account of the circumstances of the crime" ((a)(4)) and "[a]ny relevant facts concerning the defendant's social history" such as employment, military, and substance abuse ((a)(6)). Defendant concedes the presentence report must include his statement only "if one is

given." We find no evidence in the record which suggests that the probation officer threatened Goodner with an unfavorable recommendation if he refused to discuss the facts of the offense or that defendant's attached "handwritten note" was demanded by the probation officer.

In *People* v. *Hicks* (1971) 4 Cal.3d 757, 762 [94 Cal.Rptr. 393, 484 P.2d 65], the court found that a letter written by the defendant in an attempt to persuade the trial judge to grant probation was inadmissible "as substantive evidence or for impeachment in any later proceeding against [the defendant]." We conclude that defendant's reliance upon *Hicks* is misplaced given that the "Truth-in-Evidence" provisions of Proposition 8 have nullified its effect.

In *People* v. *May* (1988) 44 Cal.3d 309 [243 Cal.Rptr. 369, 748 P.2d 307], the court considered the admissibility for impeachment purposes of extrajudicial statements elicited in violation of a defendant's constitutional rights in light of Proposition 8, which mandates the admission of relevant evidence unless excludable under federal law or "any existing statutory rule of evidence related to privilege or hearsay, or Evidence Code, Sections 352, 782 or 1103." (Cal. Const., art. I, § 28, subd. (d).) In *May*, the prosecutor sought to introduce statements the defendant made to a police officer in violation of his *Miranda* (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]) rights. As here, the defendant asserted that Evidence Code section 940 is an "existing statutory rule related to privilege" within the meaning of the savings clause of California Constitution, article I, section 28, subdivision (d).[3] *May* held that Evidence Code section 940 was merely a "statutory recognition of the constitutional privileges against self-incrimination" (44 Cal.3d at p. 316) relating only to substance, not remedial rights, and that therefore, the section could not save the exclusionary rule that would have applied prior to adoption of Proposition 8. (44 Cal.3d at pp. 316-317.)

The *May* court reasoned that "[g]iven the probable aim of the voters in adopting section 28(d), namely, to dispense with exclusionary rules derived solely from the state Constitution, it is not reasonably likely that the California voters intended to preserve, in the form of a 'statutory' privilege, a judicially created exclusionary rule *expressly rejected* by the United States Supreme Court under the federal Constitution. (See *Harris* v. *New York* [1971] 401 U.S. 222 [28 L.Ed.2d 1, 91 S.Ct. 643] [statements made to police in violation of *Miranda* may be used for impeachment].)" (44 Cal.3d at p. 318, italics in original.)

---

[3]Evidence Code section 940 states: "To the extent that such privilege exists under the Constitution of the United States or the State of California, a person has a privilege to refuse to disclose any matter that may tend to incriminate him."

In reaching this conclusion, *May* distinguished *Ramona R.* v. *Superior Court* (1985) 37 Cal.3d 802 [210 Cal.Rptr. 204, 693 P.2d 789], which held that legislatively compelled self-incriminatory statements could not be used against a juvenile being tried for murder. In *Ramona R.*, the prosecutor sought to prosecute Ramona, a juvenile over the age of 16, as an adult under Welfare and Institutions Code section 707, given that the charge of murder is specified therein (subd. (b)(1)). Pursuant to subdivision (c) of that section, Ramona was "presumed to be not a fit and proper subject to be dealt with under the juvenile court law . . . ." Here, in contrast, no rebuttable presumption effectively compelled defendant to produce potentially self-incriminating evidence as part of the probation officer's presentence investigation report.

Our Supreme Court has rejected the argument that using the record of conviction to prove priors is unfair because it allows enhancements to be based on statements "whose future significance the accused was not aware of at the time of the prior proceedings." The court explained, "The law regularly requires persons to suffer the consequences of their actions, even though they had not or could not foresee those consequences." (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 355.)

We conclude that, given defendant Goodner was not compelled to make a statement to the probation department as part of the preinvestigation report which is mandated by section 1203 or pursuant to rule 411.5 of the California Rules of Court and that he was not facing a rebuttable presumption of a more severe sentence absent submission of such a statement, his statements to the probation department were not legislatively compelled by section 1203. We also conclude that Evidence Code section 940 does not preserve the judicially created exclusionary rule set forth in *Hicks,* in light of both the holding in *Minnesota* v. *Murphy, supra,* 465 U.S. 420 and in light of the intent of the California voters to dispense with exclusionary rules that federal law does not absolutely compel.

As for any due process claim, the case law clearly establishes that " '[i]f a defendant contends the hearsay information is unfair or untrue[,] he is given an opportunity to refute it. [Citation.]' " (*Goodner I, supra,* 226 Cal.App.3d at p. 615, quoting *People* v. *Garcia, supra,* 216 Cal.App.3d at p. 237; see also *People* v. *Williams, supra,* 222 Cal.App.3d at p. 917.) The defendant had numerous opportunities to dispute the statements. His failure to do so does not constitute a violation of due process.

The trial court properly admitted defendant's admissions to establish whether 69112 was in fact a residential burglary.

B. *Insufficiency of the Evidence in 69112*

■ Defendant claims the evidence presented as to 69112 was legally insufficient to show that the structure he burglarized was an inhabited residence. We disagree.

Evidence can be held sufficient to support a finding that a prior burglary conviction involved an "inhabited dwelling" if the record of the prior conviction identified the structure as a "residence." (*People* v. *Garcia, supra,* 216 Cal.App.3d at pp. 237-238; *People* v. *Harrell* (1989) 207 Cal.App.3d 1439, 1445 [255 Cal.Rptr. 750]; *People* v. *Smith* (1988) 206 Cal.App.3d 340, 346 [253 Cal.Rptr. 522].)

In the instant case, the probation report from 69112 contains defendant's admissions that he and his accomplice chose to burglarize a "home" and that they were inside the "residence" for about five minutes when defendant poured some vodka from a flask while his accomplice ransacked the home, from which they then stole money and jewelry.

In a statement from the 69112 report, which the trial court noted was "purportedly [from appellant] Goodner," defendant said he and his accomplice burglarized the house in question because his accomplice said "nobody was home" and that, while inside, defendant "got some booze from a cabinet" while his accomplice "got some pot and $20.00 and some earrings from the bedroom."

The statements of defendant as recited by the trial court were not made inadmissible under the hearsay rule. (Evid. Code, §§ 1271, 1280, 1220; see also 1 Witkin, Cal. Evidence (3d ed. 1986) § 637, p. 625.)

Defendant's admissions of what he did in the house, what was inside the house, including the fact that there was an identifiable "bedroom," and what he and his accomplice took from the house, provided evidence from which a rational trier of fact could make an inference of residence. The evidence was sufficient to support the trial court's finding that 69112 was a serious felony.

C. *Imposition of a Five-year Rather Than a One-year Enhancement for 76965*

■ With regard to 76965, defendant contends the trial court failed to exercise its discretion to sentence defendant to either a five-year term for the prior serious felony enhancement or a one-year term pursuant to section 667.5, subdivision (b) based on the same underlying offense. We agree with the People that, despite this court's pronouncement in footnote 6 of *Goodner*

*I*, the trial court was correct that it had no discretion to strike the five-year enhancement.

In footnote 6 of our first opinion in this case, we stated: "We note that, in the event the prior serious felony conviction allegation based upon 76965 is subsequently found true, the sentencing court could impose either a five-year term for that enhancement or the one-year term pursuant to Penal Code section 667.5, subdivision (b) based on the same underlying offense; the term not imposed would then be stricken. (See Pen. Code, § 654, *People* v. *Hopkins* (1985) 167 Cal.App.3d 110, 117-118 [212 Cal.Rptr. 888].)" (*Goodner I, supra,* 226 Cal.App.3d at p. 618, fn. 6.) In referring to footnote 6, the trial court upon remand politely suggested that "with all respect to the appellate court, in a somewhat inartful [*sic*] fashion, . . . I think they're saying I can take away the one year and impose the five." The People suggest in their appellate brief that we "inadvertently followed too closely the pronouncement of . . . *Hopkins* . . . which predates the amendment to Penal Code section 1385 eliminating the trial court's discretion to strike a serious felony enhancement." We agree that footnote 6 is an incorrect statement of law.

On May 6, 1986, the Legislature enacted legislation intended to overrule *People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833], which had held that the trial court had authority to strike prior serious felony enhancements charged under section 667. The legislation amended section 1385 to add subdivision (b), which provides: "This section does not authorize a judge to strike any prior conviction of a serious felony for the purposes of enhancement of a sentence under Section 667." The provision eliminates trial court discretion to strike a serious felony enhancement (*People* v. *Valencia* (1989) 207 Cal.App.3d 1042, 1045 [255 Cal.Rptr. 180]), and we misspoke when we suggested in the above cited footnote that the trial court could exercise its discretion to impose the section 667.5 enhancement rather than the section 667 enhancement. The trial court correctly sentenced defendant in accordance with the 1986 amendment to section 1385 and correctly struck the one-year enhancement pursuant to section 654.

D. *Double Jeopardy*

Lastly, defendant renews his double jeopardy argument that this court rejected in its earlier published opinion. (*Goodner I, supra,* 226 Cal.App.3d at p. 613.) That rejection constitutes law of the case and bars further review of the issue. (*People* v. *Shuey* (1975) 13 Cal.3d 835, 841 [120 Cal.Rptr. 83, 533 P.2d 211].) One of defendant's primary issues in the first appeal was that his pretrial motion to strike was a trial within the meaning of the double

jeopardy clause. The application of law of the case extends to issues both expressly and implicitly decided that were essential to the decision of the prior appeal. (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 399 [197 Cal.Rptr. 843, 673 P.2d 720].) Defendant cannot renew his contention that double jeopardy barred retrial in this case.

## IV

### DISPOSITION

The judgment is affirmed.

Capaccioli, J., and Bamattre-Manoukian, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 22, 1992. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.