[Crim. No. 13508. Fourth Dist., Div. One. Nov. 2, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN E. CALHOUN, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Michael S. McCormick, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney Gen-

eral, Clifford K. Thompson, Jr., and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT.*—A jury convicted John Calhoun of four counts of robbery (Pen. Code, § 211) involving the use of a gun (Pen. Code, § 12022.5), two counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)) and five counts of possessing a concealable firearm by a felon (Pen. Code, § 12021). He was sentenced to prison and appealed to the Court of Appeal, First Appellate District. The opinion of that court addressed a number of issues, among them sentencing error, and it ordered resentencing. Calhoun now appeals his resentencing.

On April 19, 1978, at 2:25 p.m., Calhoun entered a men's clothing store in San Francisco while the sales clerk was alone, selected some clothes, and brought them to the front counter. As the clerk was packaging them, Calhoun showed her a gun, said, "You know this is death," and demanded money. The clerk handed him about $100 and he left. Within a week Calhoun committed three other similar robberies in the same shopping area.

At resentencing, the court chose the April 19 robbery as the crime with the principal term and aggravated that term because (1) the offense involved the threat of great bodily injury, (2) the victim was particularly vulnerable, (3) the crime was premeditated and (4) Calhoun's prior performance on probation was unsatisfactory. The court then enhanced the term by two years under Penal Code section 12022.5 because Calhoun used a gun and by another year because Calhoun previously served a prison term (Pen. Code, § 667.5).

■ Calhoun meritoriously claims the court violated the ban on dual use of facts (Cal. Rules of Court, rule 441(c)), by aggravating his sentence because he previously did not perform well on probation and imposing an enhancement because he served a prior prison term. The parties agree and the record shows the only possible reason Calhoun's performance on probation was unsatisfactory was because in 1974, while on probation, he committed a robbery for which he was convicted

---

*Before Brown (Gerald), P. J., Cologne, J., and Staniforth, J.

and served a prison term, the same term used to enhance his sentence under Penal Code section 667.5. Calhoun's poor performance on probation, based solely on the 1974 robbery, is factually indistinguishable from his service of the prison sentence for the robbery and cannot be used to both aggravate and enhance his present sentence.

Calhoun also objects, under the dual use of facts prohibition, to the court's aggravation of his term for threatening his victim with great bodily injury while enhancing his term for using a gun. Calhoun's only threat to the victim referred to his use of the gun. In *People* v. *Roberson* (1978) 81 Cal.App.3d 890 [146 Cal.Rptr. 777], the court found where the threat of violence is based on the use of a weapon, the sentencing court may not use this fact to both aggravate and enhance the defendant's sentence. ■ ■ ■ ■ The sentencing court here was also in error.[1]

In light of these two errors, Calhoun must be resentenced. (*Id.* at p. 893.)

The matter is remanded for resentencing. In all other respects the judgment is affirmed.

[1]The People contend the doctrine of the law of the case prohibits this court from addressing Calhoun's dual use arguments. The first opinion in this case, while concluding the imposition of the upper term was justified, so concluded because the *facts* showed the victim was particularly vulnerable and the crime was premeditated. The court in no way dealt with the dual use challenge now before us and the two factors this court addresses. There is no inconsistency between that court's decision and ours and the doctrine of the law of the case has no application. (See *People* v. *Shuey* (1975) 13 Cal.3d 835 [120 Cal.Rptr. 83, 533 P.2d 211].)