[Crim. No. 5989. Fifth Dist. July 7, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY LEE HURLEY, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Part I of this opinion is not published, because it does not meet the standards for publication contained in California Rules of Court, rule 976(b).

COUNSEL

Joel M. Murillo, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Robert D. Marshall and Ronald S. Prager, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THE COURT.\***—Appellant was convicted after jury trial of receiving stolen property (Pen. Code, § 496). He admitted having served a prior prison

---

\*Before Brown, (G. A.), P. J., Hanson, (P. D.), J., and Woolpert, J.

term (Pen. Code, § 667.5, subd. (b)) based on two robbery convictions.[2] The sentencing judge refused to institute narcotic addict commitment proceedings (Welf. & Inst. Code, § 3051) and sentenced appellant to the three-year upper base term plus the one-year prior prison term enhancement.

## I: CRC*

## II: DUAL USE OF FACTS

The judge gave these reasons for the upper base term: "Considering the fact that the two prior felonies for robbery, the balance of the Defendant's record, criminal record in particular, and the fact that he was on parole at the time of the commission of this crime, considering the fact that there are no factors in mitigation, other and save from the fact that at one point in time he did receive an honorable discharge from the California Youth Authority, it is clear that the factors in aggravation greatly outweigh the factors in mitigation and the Court will accept the aggravated term." The judge also imposed the prior prison term enhancement.

Appellant's trial counsel asked whether the judge based the upper term on the same felony conviction which he used to impose the enhancement.

---

[2] Penal Code section 667.5 provides, in pertinent part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:

"(a) Where one of the new offenses is one of the violent felonies specified in subdivision (c), in addition and consecutive to any other prison terms therefor, the court shall impose a three-year term for each prior separate prison term served by the defendant where the prior was one of the violent felonies specified in subdivision (c); provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction.

"(b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison term therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction.
" . . . . . . . . . . . . . . . . . . . . .

"(d) For the purposes of this section the defendant shall be deemed to remain in prison custody for an offense until the official discharge from such custody or until release on parole whichever first occurs including any time during which the defendant remains subject to reimprisonment for escape from such custody or is reimprisoned on revocation of parole. The additional penalties provided for prior prison terms shall not be imposed unless they are charged and admitted or found true in the action for the new offense.

"(e) The additional penalties provided for prior prison terms shall not be imposed for any felony for which the defendant did not serve a prior separate term in state prison.
" . . . . . . . . . . . . . . . . . . . . .

"(g) A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after escape from such incarceration."

*Part I was not certified for publication, see footnote 1, *ante,* page 706.

The judge answered: "That is not correct. What I've said is, weighing the matters in aggravation and mitigation in imposing the aggravated term, the Court has considered his record of prior criminality, which includes among other charges the fact of the prior robbery and also the fact that he was on parole at the time of the commission of this offense, not that I have exclusively considered the fact of that prior State Prison commitment for aggravation. I also stated specifically that there were no factors in mitigation, save and except the fact of one honorable discharge from CYA, and that the factors in aggravation greatly outweigh the factors in mitigation."

Appellant argues that by relying on his two prior felony convictions in finding the aggravating factor of numerous prior convictions (Cal. Rules of Court, rule 421(b)(2)), the judge improperly employed the same fact used for enhancement.[3]

Penal Code section 1170, subdivision (b), provides, in pertinent part: "The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under Section 667.5 . . . ."[4]

In *People* v. *Bejarano* (1981) 114 Cal.App.3d 693 [173 Cal.Rptr. 71], this court noted "under Penal Code section 667.5 the fact used for enhancement is not merely a prior conviction but a prior prison term." (*Id.*, p. 706.) Because the record did not show the enhancement prior in fact was used, the statement was dicta. For reasons to be stated, we will adhere to *Bejarano*'s position and find no dual use.

A trial court may use the fact of prior *conviction,* even where it underlies a prior prison term enhancement, to help show numerous convictions under rule 421(b)(2) because this is not the fact on which enhancement is based. The fact of a section 667.5 enhancement transcends the mere fact of conviction. Indeed, Penal Code section 667.5, subdivision (e) states: "The additional penalties for prior prison terms shall not be imposed for any felony for which the defendant did not serve a prior separate term in state prison."

---

[3]In the context in which it was made, the judge's explanation about what he had *not* said did not imply he *had partially* considered the fact of the prison commitment *as such.* Appellant does not suggest otherwise.

[4]Former section 1170, subdivision (b) provided, in pertinent part: "The court may not impose an upper term by using the same fact used to enhance the sentence under section 667.5. . . ." In 1978, section 1170, subdivision (b) was amended to its present form: "The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under section 667.5 . . . ." In *People* v. *Lambeth* (1980) 112 Cal. App.3d 495 [169 Cal.Rptr. 193], this court held the amendment had not changed the substance of the dual use rule. "The 'fact of the enhancement' means the fact upon which the enhancement is based, not the fact that an enhancement was imposed." (*Id.*, p. 499.)

In contrast, a trial court may not impose a section 667.5 enhancement *and* consider in aggravation that "[t]he defendant has served prior prison terms whether or not charged or chargeable as an enhancement under section 667.5." (Cal. Rules of Court, rule 421(b)(3).) (See *People* v. *St. Germain* (1982) 138 Cal.App.3d 507, 524 [187 Cal.Rptr. 915].) Thus, in *People* v. *Jardine* (1981) 116 Cal.App.3d 907, 924 [172 Cal.Rptr. 408], the sentencing judge referred to "the defendant's prior convictions. He served three times in the penitentiary in Washington." (*Ibid.*) In so doing, he relied on the *prior prison terms,* the fact of the enhancement. *Jardine* is inapposite.

Our conclusion is fortified by the history of the dual use bar and by two closely analogous lines of authority.

The pertinent sentencing rule is rule 441, which provides:

"(a) A fact considered and used by the sentencing judge in deciding to deny probation, or in determining that the defendant is ineligible for probation, may be used to impose the upper term or for enhancement.

"(b) A fact charged and found as an enhancement may be used to impose the upper term, whereupon the additional term of imprisonment prescribed for that fact as an enhancement shall be stricken. The use of the fact to impose the upper term is an adequate reason for striking the additional term of imprisonment.

"[Subd. (b) as amended effective July 28, 1977.]

"(c) A fact used to enhance the defendant's prison sentence may not be used to impose the upper term.

"(d) A fact which is an element of the crime may not be used to impose the upper term."

The Advisory Committee Comment to rule 441 explains the genesis of the dual use bar:

"Present law prohibits dual punishment for the same act (or fact) but permits that fact to be considered in denying probation. People v. Edwards (1976) 18 Cal.3d 796 (prior felony conviction, an element of the offense, also brought defendant within former § 1203(d)(2) limitation on probation to persons with prior felony convictions), citing People v. Perry (1974) 42 Cal.App.3d 451, 460 and other cases.

"The rule makes it clear that a fact charged and found as an enhancement may, in the alternative, be used in aggravation. This may work to the de-

fendant's benefit, when the enhancement would carry an added term of three years or more, as aggravation cannot increase the term more than one year."

In *People* v. *Edwards* (1976) 18 Cal.3d 796 [135 Cal.Rptr. 411, 557 P.2d 995], the Supreme Court held that the trial court had erred in augmenting under former Penal Code section 3024 the sentence of a defendant convicted of violating section 12021: "The court purported to pronounce judgment in a manner which would have augmented defendant's sentence pursuant to section 3024, subdivision (c). The court's reliance on defendant's prior conviction for the dual purpose of augmenting sentence and providing an essential element of the charged offense, however, runs afoul of the established rule that when a prior conviction constitutes an element of criminal conduct which otherwise would be noncriminal, the minimum sentence may not be increased because of the indispensable prior conviction. [Citations omitted]. Here, proof of defendant's marijuana conviction may be used *only* to establish an element of a violation of section 12021 and *not* to increase the term of the sentence under section 3024." (*Id.*, p. 800.) (See 2 Witkin, Cal. Crimes, 1963, § 999, pp. 950-951.)

Thus, the statutory dual use bar and its rule implementation both derive from pre-DSL *case law* which forbade use of an element of a crime to augment the defendant's sentence. At present, the dual use rule has three components: 1) use of the fact of an enhancement to aggravate (§ 1170, subd. (b); rule 441(c)); 2) use of an element of a crime to aggravate (rule 441(d)); and 3) use of an element of a crime to enhance (the nonstatutory rule). It is apparent that cases involving components 2) and 3) above are directly analogous to problems involving part 1). Indeed, *Bejarano* receives support from two such lines of authority.

In *People* v. *Gaines* (1980) 112 Cal.App.3d 508 [169 Cal.Rptr. 381], the court distinguished *People* v. *Edwards, supra,* 18 Cal.3d 796, and held that: "[A] prohibited double use of the same fact does not occur in a situation where a prior felony conviction is used as an essential element of the section 12021 charge and the prison sentence served for such prior felony is also used to enhance the defendant's sentence." (*Id.*, p. 517.)

The court reasoned as follows:

"Section 12021 involves the conduct of those persons who have been convicted of any felony, while section 667.5 addresses itself to that class of prior felonies which have warranted imprisonment. The mandate of section 667.5, subdivision (b), is very clear: except where a defendant has been convicted of a new offense of the violent type specified in subdivision (c),

'where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony. . . .'

"Pursuant to subdivision (c) of section 1170.1, a defendant sentenced for a crime committed on or after July 1, 1977, shall receive the additional term provided in section 667.5 unless the court determines that there are circumstances in mitigation.

"While in *People* v. *Wilks* (1978) 21 Cal.3d 460, 470 [146 Cal.Rptr. 364, 578 P.2d 1369], and *People* v. *Edwards* (1976) 18 Cal.3d 796, 800 [135 Cal.Rptr. 411, 557 P.2d 995], the California Supreme Court held that a prior felony conviction could not be used for the dual purpose of augmenting a defendant's sentence and providing an essential element of the charged offense of possession of a concealable firearm by a felon, those cases were both decided under former section 3024 and the Indeterminate Sentencing Law. It is doubtful that the holding of those cases is any longer controlling in view of the more recent enactment of the determinate sentencing law. Whereas former section 3024 prescribed a minimum term of imprisonment for a person 'previously convicted of a felony,' section 667.5, subdivision (b), now provides for the imposition of a one-year sentence enhancement for 'each prior separate prison term served' for any felony. The Attorney General argues that the 'double use of facts' argument cannot be made under section 667.5, subdivision (b), because it is the prior 'conviction' which constitutes an essential element of the crime of possession of a firearm by a felon, whereas it is the 'prison term served' for the prior felony which triggers the enhancement prescribed by section 667.5, subdivision (b). The distinction between a prior felony conviction and a separate prison term served for such felony is obvious. A prior felony conviction could well have resulted in something less than confinement in the state prison, in which event no enhancement would be called for under section 667.5, subdivision (b)." (*Id.*, pp. 515-517.)

*Gaines* was followed in *People* v. *Faught* (1981) 124 Cal.App.3d 848, 859-860 [177 Cal.Rptr. 637]. While neither case involves section 1170, subdivision (b) or rule 441(c), each necessarily rejects the view that the conviction-prior prison term distinction is untenable since the effect is the same, and appellant would be multiply punished for one criminal act.

Another analogy appears in (then Presiding) Justice Kaus' opinion in *People* v. *Pinon* (1979) 96 Cal.App.3d 904 [158 Cal.Rptr. 425], in which:

"Defendant also urges that the court improperly 'considered' his prior burglary conviction—the alleged felony which was part of the basis for the

present conviction of section 12021—as a circumstance in aggravation. Rule 441(d) of the California Rules of Court states that, '[a] fact which is an element of the crime may not be used to impose the upper term.'

"It is clear, however, from the statement of reasons set forth above that the court did not use 'the fact' of defendant's prior conviction as an aggravating circumstance. The court merely noted that defendant was on parole for the prior offense when the present offense was committed. Nothing in the rules prohibits the court from relying upon the relationship of the prior conviction to the present offense as an aggravating consideration, even where the fact of the offense itself could not be used." (*Id.*, pp. 910-911.)

If use of a defendant's parole status flowing from a prior conviction is not use of the fact of the conviction, it is difficult to distinguish the prior prison term resulting from such a conviction.

Beyond the history of the dual use bar and the analogous authorities, it does not seem unfair to aggravate for, e.g., numerous prior convictions which include conviction(s) underlying the enhancement prior(s), yet also enhance for prior prison terms. The number of convictions shows a habitual offender; a prior prison term (as defined in § 667.5) enhances the sentence of a person who commits one crime serious enough to warrant imprisonment then commits a new felony within a specified period after graduation from the prison system or conviction of another felony. Different qualitative factors are involved.

Moreover, this is *not* a case in which an aggravating factor is based solely or even primarily on a prior as to which an enhancement has been imposed. (See *In re Knight* (1982) 130 Cal.App.3d 602 [181 Cal.Rptr. 853]; *People v. Calhoun* (1981) 125 Cal.App.3d 731, 733-734 [178 Cal.Rptr. 396].) Here the 1975 priors were but two of eight prior convictions or adjudications of crimes. The judge cited "the two prior felonies for robbery, the balance of the defendant's record, criminal record in particular." Even were the facts the same, we question whether this attenuated reliance is a "use" within the dual use bar. Assuming, *arguendo,* the prior robberies were unavailable, the remaining adjudications and convictions amply establish the basis for invoking rule 421(b)(2). (*People* v. *Williams* (1980) 103 Cal. App.3d 507, 511 [163 Cal.Rptr. 169].)

To sum up, we are not persuaded a prohibited dual use of facts occurred. If it did, the error was harmless because appellant's remaining record established a basis for aggravation and the two other aggravating factors cited

by the judge are unchallenged. On this record, a more favorable result on remand is not reasonably probable.

The judgment is affirmed.