[No. F051882. Fifth Dist. Nov. 18, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID McFEARSON, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, only the Introduction, part IV.A. of the Discussion, and the Disposition are certified for publication.

**COUNSEL**

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stan Cross and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CORNELL, Acting P. J.—**

## INTRODUCTION

David McFearson was convicted of various crimes arising from two shootings in which he was involved. He was sentenced to a determinate prison term of 14 years four months and a consecutive indeterminate prison term of 25 years to life, based primarily on his conviction for using a firearm to cause great bodily injury during an attempted murder. (Pen. Code, §§ 187, subd. (a), 664, 12022.53, subd. (d).)[1]

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

McFearson attacks his convictions on numerous grounds. First, he claims he was convicted improperly of two counts because they were lesser included offenses to other crimes of which he was convicted. Second, he claims his conviction must be reversed because of prosecutorial misconduct. Third, he argues the trial court erred in failing to provide the jury with a *Sanchez*[2] instruction. Finally, he asserts the trial court made various errors at the sentencing hearing.

In our original opinion we concluded the convictions on two of the counts must be vacated because they were lesser included offenses to other crimes of which McFearson was convicted. We also agreed that various errors were made during the sentencing.

The California Supreme Court accepted this case for review and then remanded with directions to reconsider the matter in light of *People v. Gonzalez* (2008) 43 Cal.4th 1118 [77 Cal.Rptr.3d 569, 184 P.3d 702]. *Gonzalez* held that when multiple enhancements are imposed for the use of a firearm pursuant to the provisions of sections 12022.53 and 12022.5, the trial court, after imposing the enhancement with the greatest prison term, must stay the remaining terms, instead of striking them. (*Gonzalez*, at pp. 1122–1123.)

Since *Gonzalez* applies only to our discussion of the gun use enhancements, we will modify our original opinion to be consistent with this case. The remainder of our opinion will remain unchanged, with the exception of minor editorial changes. Once again, we publish only our discussion of whether the trial court improperly used the fact of McFearson's prior convictions to impose an aggravated sentence and to enhance his sentence pursuant to the terms of section 667.5, subdivision (b). As we will explain, based on Supreme Court precedent, we conclude the trial court erred because it used a fact that resulted in an enhancement of McFearson's sentence also to impose an aggravated sentence. (§ 1170, subd. (b).) In reaching this conclusion, we disagree with a prior decision from this court, *People v. Hurley* (1983) 144 Cal.App.3d 706, 709–710 [192 Cal.Rptr. 805] (*Hurley*).

---

[2] *People v. Sanchez* (1947) 30 Cal.2d 560 [184 P.2d 673].

## FACTUAL AND PROCEDURAL SUMMARY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

I.–III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IV.  *Sentencing Issues*

A.  *Improper use of prior convictions*

■   Section 1170 explains how a trial court should determine the appropriate sentence from the applicable sentencing triad under the determinate sentencing law. Subdivision (b) of section 1170 instructs on the use of mitigating and aggravating circumstances. In pertinent part, this subdivision states: "[T]he court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (*Ibid.*) California Rules of Court, rule 4.420(c) is in agreement: "To comply with section 1170(b), a fact charged and found as an enhancement may be used as a reason for imposing the upper term only if the court has discretion to strike the punishment for the enhancement and does so."

■   McFearson contends these two provisions were violated when the trial court used his three prior convictions to impose an aggravated sentence and also used the same convictions to increase his sentence by three years pursuant to section 667.5, subdivision (b). This statute provides that when a defendant is convicted of a felony, the trial court shall impose a consecutive one-year term for each separate prison term served for any prior felony.

The People recognize these statutes and this rule but argue, in essence, the fact used by the trial court in sentencing McFearson to an aggravated term was different from the fact used to increase his sentence. Specifically, the People contend the trial court used the fact of McFearson's *prior conviction* to impose the aggravated sentence, and the fact that he served a *prior prison*

---

"See footnote, *ante*, page 388.

*term* to enhance his sentence. According to the People, this distinction removes this case from the dual use prohibition found in section 1170, subdivision (b). The People find support for their position in *Hurley, supra,* 144 Cal.App.3d at pages 709–710, which drew the same distinction between a prior conviction and a prior prison term.

Two Supreme Court cases decided after *Hurley*, however, have cast doubt on this distinction. In *People v. Prather* (1990) 50 Cal.3d 428 [267 Cal.Rptr. 605, 787 P.2d 1012] (*Prather*), Prather pled guilty to one count of burglary (§ 459) and two counts of being a felon in possession of a firearm (§ 12021). He also admitted that he served a prior prison term pursuant to section 667.5, subdivision (b), and that he possessed a firearm while released from custody pursuant to section 12022.1, both one-year enhancements. (*Prather*, at p. 431.) At the time, section 1170.1, subdivision (g) prohibited a total sentence that was more than twice the base term.[5] (*Prather*, at pp. 431–432.) The base term imposed on Prather was two years, and the total term for all three counts and enhancements was six years four months. (*Id.* at p. 431.)

The Court of Appeal concluded that the portion of the sentence that exceeded four years must be stayed pursuant to section 1170.1, subdivision (g). (*Prather, supra,* 50 Cal.3d at p. 432.) The People filed a petition with the Supreme Court, arguing that the section 667.5, subdivision (b) enhancement should not have been stricken.

The Supreme Court determined it was required to resolve the conflict between section 1170.1, subdivision (g) and article I, section 28, subdivision (f) of the state Constitution, which provides, in part, " 'Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall be used *without limitation* for purposes of . . . enhancement of sentence in any criminal proceeding.' " (*Prather, supra,* 50 Cal.3d at p. 432.)

■ The Supreme Court concluded that the *clear language* of article I, section 28, subdivision (f) of the Constitution precluded the application of Penal Code section 1170.1, subdivision (g) to the Penal Code section 667.5, subdivision (b) enhancement. (*Prather, supra,* 50 Cal.3d at p. 437.) In reaching its conclusion, the Supreme Court rejected Prather's argument that article I, section 28, subdivision (f) of the Constitution did not apply because Penal Code section 667.5, subdivision (b) enhanced a defendant's sentence

---

[5] A 1997 amendment to section 1170.1 eliminated this restriction. (Stats. 1997, ch. 750, § 3.)

because he or she served a prior prison term, not because of a prior felony conviction, which is the same argument asserted by the People in this case.

■ "We find this interpretation of article I, section 28, subdivision (f) [of the Constitution] untenable. As we observed in *Amador Valley [Joint Union High Sch. Dist. v. State Bd. of Equalization* (1978)] 22 Cal.3d 208, 244–245 [149 Cal.Rptr. 239, 583 P.2d 1281], a constitutional provision is 'necessarily couched in general terms or language, [and thus should] not be interpreted according to narrow or supertechnical principles, but liberally and on broad general lines, so that it may accomplish in full measure the objects of its establishment and so carry out the great principles of government.' [Citation.] [In *People v. Rodrigues* (1988) 205 Cal.App.3d 1487 [253 Cal.Rptr. 306], the court's] hypertechnical reading of Proposition 8 conflicts with this basic principle and ignores the underlying purposes of both that provision and section 667.5(b), namely, to provide increased terms of imprisonment for recidivist felony offenders. [Citations.]

"Section 667.5(b) provides that 'where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served *for any felony*.' (Italics added.) We think it clear that section 667.5(b) is aimed primarily at the underlying felony conviction, and only secondarily, and as an indicium of the felony's seriousness, at the prior prison term. That is, we believe section 667.5(b), fairly read, merely provides a special sentence enhancement for that particular *subset* of 'prior felony convictions' that were deemed serious enough by earlier sentencing courts to warrant actual imprisonment. [Citations.] Accordingly, we hold that the broad mandate of article I, section 28, subdivision (f) [of the Constitution], concerning the use of any 'prior felony conviction[s]' for enhancement purposes, necessarily includes the lesser category of enhancements based on prior felony convictions for which imprisonment was imposed." (*Prather, supra*, 50 Cal.3d at pp. 439–440.)

While the factual context in *Prather* is different from that presented in this case, any suggestion that we should reach a different conclusion is dispelled by *People v. Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163]. Jones was convicted of three counts of forcible sodomy and one count of forcible penetration. (*Id.* at p. 1145.) Jones had several prior convictions, including one for an aggravated form of kidnapping (§ 209). The trial court enhanced Jones's sentence by one year pursuant to section 667.5, subdivision (b) for the prison term served as a result of the kidnapping

conviction and by five years pursuant to section 667, subdivision (a) because the same kidnapping conviction was a serious felony. (*Jones*, at pp. 1145–1146.)

The issues before the Supreme Court were whether the conviction could be used to enhance Jones's sentence by five years and whether the prison term for that conviction could be used to enhance Jones's sentence by an additional year. The appellate court concluded the trial court did not err, relying on the same conviction/prison term distinction that is urged in this case. (*People v. Jones, supra*, 5 Cal.4th at pp. 1147–1148.) The Supreme Court disagreed, applying the same analysis as in *Prather*. "The Court of Appeal's statement is unpersuasive, however, because its premise—that sections 667 and 667.5 identify and punish differently situated individuals—runs afoul of *Prather*." (*Jones*, at p. 1148.)

■ The situation presented in this case is indistinguishable from *Jones*. *Prather* and *Jones* establish that a section 667.5, subdivision (b) enhancement is based on the fact of a prior conviction, not a prior prison term. The trial court erred when it used McFearson's prior conviction to impose an aggravated sentence and then used the prison term served as a result of that conviction to enhance his sentence by one year pursuant to section 667.5, subdivision (b). (§ 1170, subd. (b).)

McFearson urges us to strike the additional three years imposed pursuant to section 667.5, subdivision (b). The People, while not conceding the error, urge that if there was error, it was harmless. We conclude the correct result is to remand the matter to the trial court for resentencing. We reach this conclusion because we cannot say the trial court would have imposed an aggravated sentence if it had not considered the three prior convictions. Nor can we say it would have struck the three enhancements if it realized it could not use them for both purposes. We also recognize the potential implications of *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856, 127 S.Ct. 856] and *People v. Black* (2007) 41 Cal.4th 799 [62 Cal.Rptr.3d 569, 161 P.3d 1130] on the decision to impose an aggravated sentence. The trial court should determine the appropriate sentence in the first instance after taking all of these factors into consideration.

B. *Improper imposition of enhancements**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 388.

## DISPOSITION

The convictions for assault with a firearm (§ 245, subd. (a)(2)) (count 3) and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) (count 7) are reversed. The convictions on the remaining counts are affirmed. The sentence is vacated and the matter is remanded for resentencing.

Gomes, J., and Dawson, J., concurred.