Filed 5/27/14  P. v. Landroche CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TRAYTON LANDROCHE,<br><br>    Defendant and Appellant. | D063825<br><br><br><br>(Super. Ct. No. SCN304310) |

APPEAL from a judgment of the Superior Court of San Diego County, Harry M. Elias, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted defendant and appellant Trayton Landroche of one count of false imprisonment; the trial court found true allegations Landroche had served two prior

prison terms within the meaning of Penal Code section 667.5,[1] subdivision (b) and had been convicted of a strike within the meaning of the three strikes law, section 667, subdivisions (b) through (i). The trial court denied Landroche's motion to dismiss the strike and sentenced Landroche to the upper term of three years on the false imprisonment conviction, which was doubled to six years because of the strike. In addition, the trial court sentenced Landroche to two separate consecutive one-year terms for the prior prison enhancements, for a total term of eight years.

Landroche's false imprisonment conviction grew out of a February 27, 2012, domestic violence incident in which Landroche forced his way into his pregnant girlfriend's home, choked her and restrained her.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Counsel suggests, as issues for our review, whether the trial court erred in failing to dismiss Landroche's strike and whether the verdict should be set aside for juror misconduct.

We granted Landroche permission to file a brief on his own behalf, and he did so. In his brief, Landroche asserts the trial court erred in denying his motion to dismiss the strike. In particular, he argues that use of his prior conviction as a strike, which doubled his term, and imposing a consecutive one-year term for the prior prison term, which grew

_____

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

out of the strike, constituted unlawful dual use of the strike. (See *People v. McFearson* (2008) 168 Cal.App.4th 388, 394-395.) We of course recognize that the dual use provisions of section 1170, subdivision (b), prevent a trial court from relying on a prior conviction that included a prison term to impose both an upper term and a prison term enhancement under section 667.5, subdivision (b). (See *McFearson*, at pp. 394-395.) However, the enhanced sentencing regimen required under the three strikes law is distinct from the enhancements set forth under section 667.5 and is not subject to the dual use limitations of section 1170, subdivision (b). (*People v. Garcia* (2001) 25 Cal.4th 744, 757.)

Landroche also argues that one of the jurors spoke to the juror's girlfriend about his case during the course of the trial and that this misconduct requires a new trial. In the trial court, Landroche's trial counsel stated that he had investigated the conduct of the juror and his girlfriend and determined that no prejudicial misconduct had occurred. Thus, there is nothing on the record on appeal that supports Landroche's claim of juror misconduct.

Finally, Landroche challenges the trial court's imposition of a $1,920 restitution fine under section 1202.4, subdivision (b). Imposition of the fine was mandatory. (§ 1202.4, subd. (b).) Calculating the amount of the fine as the product of the eight years of imprisonment imposed by the trial court multiplied by $240 was expressly authorized by section 1202.4, subdivision (b)(2). The trial court properly deferred the separate restitution required under section 296 until documentation of the victim's losses was

presented to the trial court by the probation department.

Our review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 has disclosed no reasonably arguable appellate issues.

We find Landroche was adequately represented both at trial and on appeal.

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

McDONALD, J.

O'ROURKE, J.