Filed 10/13/22  P. v. Cooper CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>JUSTIN MICHAEL COOPER,<br><br>    Defendant and Appellant. | C095245<br><br>(Super. Ct. No. 18FE012454) |

In this appeal, defendant Justin Michael Cooper contends that his sentence should be vacated and the case remanded for the trial court to impose a sentence consistent with the changes to Penal Code section 1170, subdivision (b),[1] made by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) and Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Assembly Bill 124), measures enacted by the Legislature to limit the discretion of

---

[1]    All undesignated statutory references are to the Penal Code.

trial courts in imposing lengthy sentences.[2]  The People agree that the amendments to section 1170, subdivision (b), apply retroactively to defendant's case, which is not yet final on appeal.  However, the People maintain that remand is unnecessary because defendant's sentence was imposed consistent with section 1170, subdivision (b), as amended.  We agree.

Additionally, defendant contends that the trial court failed to recalculate the days credited against his sentence for his time in custody.  We will direct the court to recalculate defendant's custody credits and amend the abstract of judgment accordingly.

## BACKGROUND

The second amended information charged defendant with a single count of theft of a 2007 Ford F250 truck on June 26, 2018 (Veh. Code, § 10851, subd. (a)).[3]  For purposes

---

[2]  Assembly Bill 124 is not independently effective.  Three bills proposing changes to section 1170, effective January 1, 2022, were enacted by the Legislature in September 2021 and signed by the Governor on October 8, 2021:  Assembly Bill 124, (Stats. 2021, ch. 695, § 5), Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill 1540) (Stats. 2021, ch. 719, § 2), and Senate Bill 567 (Stats. 2021, ch. 731, § 1.3).  (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038; *People v. Jones* (2022) 79 Cal.App.5th 37, 44, fn. 11.)  Since Senate Bill 567 was the last bill the Governor signed and bears the highest chapter number, its amendments to section 1170 prevail over the amendments to that section specified in the other two bills.  (Gov. Code, §§ 9510, 9605, subd. (b); *In re Thierry S.* (1977) 19 Cal.3d 727, 738-739.)  However, Senate Bill 567 provides that if that bill is enacted last of the three, section 1.3 of the bill incorporating the amendments proposed by Assembly Bill 124 and Assembly Bill 1540 shall become operative.  (Stats. 2021, ch. 731, § 3.)  Therefore, the amendments to section 1170, subdivision (b)(6) that defendant contends were made by Assembly Bill 124 became effective only through Senate Bill 567.  Accordingly, we review defendant's claims under the changes made to section 1170, subdivision (b), by Senate Bill 567.

[3]  The second amended information was included in the record of defendant's prior appeal of his vehicle theft conviction.  We granted defendant's request for judicial notice of the record of this appeal.

of section 666.5, subdivision (a),[4] specifying the sentencing triad where the defendant has prior convictions for vehicle theft or receiving a stolen vehicle, the information further alleged defendant was previously convicted of receiving a stolen vehicle (§ 496d, subd. (a)) in April 2004, as well as vehicle theft (Veh. Code, § 10851, subd. (a)) in February 2006, July 2007, November 2007, and July 2014.

The information also alleged that defendant had a prior conviction in February 2016 for battery with serious bodily injury (§ 243, subd. (d)) that qualified as a prior strike (§§ 667, subds. (b)-(i), 1170.12) and that a prison term served on this conviction and on the conviction in November 2007 for vehicle theft (Veh. Code, § 10851, subd. (a)) supported one-year prior prison term enhancements under former section 667.5, subdivision (b).[5] The trial court granted defendant's motion to bifurcate the trial on the prior convictions and prison terms.

On November 1, 2018, the jury found defendant guilty of violating Vehicle Code section 10851, subdivision (a). The prosecution thereafter presented evidence regarding defendant's prior convictions to the jury in the bifurcated proceeding. The court admitted as evidence certified copies of records of defendant's prior convictions, including three abstracts of judgment. (See *People v. Delgado* (2008) 43 Cal.4th 1059, 1070 [abstract of judgment supported finding of prior conviction]; *People v. Haney* (1994) 26 Cal.App.4th 472, 475 ["Generally the prosecutor proves the prior conviction by introduction of

---

**4** Section 666.5 provides in relevant part that "[e]very person who, having been previously convicted of a felony violation of Section 10851 of the Vehicle Code . . . or a felony violation of Section 496d . . . shall be punished by imprisonment . . . for two, three, or four years . . . ."

**5** Defendant's prior vehicle theft conviction in November 2007 did double duty as a basis for the application of section 666.5 and for a prior prison term enhancement under former section 667.5, subdivision (b).

3

certified copies of the abstract of judgment and records of the Department of Corrections showing imprisonment."].)

The abstracts of judgment documented defendant's prior convictions for: vehicle theft (Veh. Code, § 10851, subd. (a)) and receiving stolen property (§ 496, subd. (a)) in October 2007; violation of the same statutes in July 2007; second degree commercial burglary (§ 459) in September 2006; second degree commercial burglary and petty theft with prior convictions (§§ 484, subd. (a), 666) in September 2011; battery with serious bodily injury (§ 243, subd. (d)) in February 2016; and vehicle theft and receiving stolen property in May 2014.

The jury found that defendant was convicted of battery with serious bodily injury in February 2016 and vehicle theft in November 2007 and that defendant served prison terms on these convictions.

On December 7, 2018, the trial court conducted a sentencing hearing. The court stated at the outset that it had received and considered the probation report. After hearing argument from counsel for the parties, the court sentenced defendant to the upper term of four years for vehicle theft (Veh. Code, § 10851) doubled by a prior strike conviction for battery to eight years (§§ 667, subd. (c)(2), 1170.12, subd. (a)), plus one year each for the prior prison terms defendant served on the battery conviction in February 2016 and the vehicle theft conviction in November 2007 (former § 667.5, subd. (b)), for an aggregate total sentence of 10 years.

The court stated it had "selected the upper term for the following reasons: That Mr. Cooper's record is lengthy, and he continues to offend."

Defendant appealed and this court reversed the prior prison term sentences under Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1), which amended section 667.5, subdivision (b) to narrow eligibility under the statute to a prison term served for a sexually violent offense. (*People v. Cooper* (June 23, 2021, C088522) [nonpub. opn.].) Since defendant was not convicted of a sexually violent offense, the

4

matter was remanded to the trial court with directions to strike the prior prison term enhancements and to exercise its discretion in light of the changed circumstances. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 682.)

On November 12, 2021, the trial court conducted a resentencing hearing. Defense counsel argued that under Senate Bill 567, which would become effective on January 1, 2022, before defendant's case was final, the court should impose the middle term of three years doubled to six years. The prosecutor responded that the trial court should only address the directions in the remittitur to strike the prior prison term enhancements. The trial court stated: "I'm not willing to wait until after January 1. I don't have a full and complete understanding of the new law. I need to look into it, and certainly if it does apply to Mr. Cooper, Mr. Cooper would have the right to appeal that, and he certainly would be back, and certainly we could discuss at that time with a full hearing for both sides. [¶] At this point in time, the Court has been -- there's a remittitur through the Third District Court of Appeal to come back here and address the issue that is before us, which is the Senate Bill 136, which amended Penal Code [s]ection 667.5, and that is what I'm prepared to do today."

The trial court sentenced defendant to four years doubled to eight years for the prior strike found true by the jury and struck the prior prison term sentences imposed under former section 667.5.

Defendant timely appealed.

## DISCUSSION

### *Senate Bill 567*

Defendant contends that the amendments made by Senate Bill 567 to section 1170, subdivision (b)(1)-(2) and (6), constitute ameliorative legislation that applies retroactively to cases such as his still pending on appeal and requires this court to vacate his sentence and remand to the trial court for resentencing.

5

Section 1170, subdivision (b)(1) provides that the middle term is the presumptive sentence. "A trial court may impose an upper term sentence only where there are aggravating circumstances in the crime and the defendant has either stipulated to the facts underlying those circumstances or they have been found true beyond a reasonable doubt. (§ 1170, subd. (b)(1)-(2).) In making this determination, the 'court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.' (§ 1170, subd. (b)(3); Stats. 2021, ch. 731, § 1.)" (*People v. Flores* (2022) 75 Cal.App.5th 495, 500.)

Section 1170, subdivision (b)(6) provides in relevant part: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

The People concede these amendments are retroactive and apply to defendant's nonfinal case pending on appeal. We accept the People's concession. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; see also *People v. Flores, supra*, 75 Cal.App.5th at p. 500.) The People contend, however, that based on the record, defendant does not benefit from the amendments to section 1170, subdivision (b). We agree.

Beginning with section 1170, subdivision (b)(1)-(2), defendant did not stipulate to the facts underlying the aggravating circumstances specified by the trial court in imposing the upper term, nor were they found true beyond a reasonable doubt. However, the People argue that, in the initial sentencing hearing, the court relied on certified records of defendant's prior convictions as evidence supporting the prison term enhancements under former section 667.5 and then cited defendant's "lengthy" criminal

record in imposing the upper term, effectively relying on certified records of defendant's prior convictions to select the upper term. (§ 1170, subd. (b)(3).) On remand in 2021, the trial court again imposed the upper term, but without specifying its reasoning. The People imply that this sentence, like the prior sentence, was based on certified records of defendant's prior convictions.

In reply, defendant acknowledges that the record includes certified records of conviction that the prosecution offered as evidence of prior convictions. However, defendant argues that the trial court failed to state that imposition of the upper term was exclusively based on the certified records of conviction. Moreover, defendant maintains the trial court could not rely on the two prior convictions found true by the jury because of the ban on dual use of a single fact to support an element or enhancement of a crime *and* as a factor in aggravation in sentencing. (See *People v. Scott* (1994) 9 Cal.4th 331, 350 (*Scott*) ["the court generally cannot use a single fact both to aggravate the base term and to impose an enhancement, nor may it use a fact constituting an element of the offense either to aggravate or to enhance a sentence"]; *People v. Calhoun* (1981) 125 Cal.App.3d 731, 733 ["court violated the ban on dual use of facts [citation], by aggravating his sentence because he previously did not perform well on probation and imposing an enhancement because he served a prior prison term"]; see also Cal. Rules of Court, rule 4.406(a)[6] ["The court may give a single statement explaining the reason or reasons for imposing a particular sentence or the exercise of judicial discretion, if the statement identifies the sentencing choices where discretion is exercised and there is no impermissible dual use of facts."].) Defendant argues that one of the prior convictions for vehicle theft was used to support an increased prison term for vehicle theft under

---

**6** All undesignated references to rules are to the California Rules of Court.

7

section 666.5 and the other prior conviction was used to double the base term under the three strikes law.

Defendant's failure to object to dual use of facts in sentencing forfeits this contention on appeal. (*Scott, supra,* 9 Cal.4th at p. 353.)

In any event, "Section 666.5 is an alternate punishment scheme that prescribes an elevated sentencing triad for recidivist car thieves who have a prior felony conviction for car theft or related conduct. Section 666.5 does not define a new offense and it is not an enhancement; it simply increases the punishment for the crime." (*People v. Lee* (2017) 16 Cal.App.5th 861, 869, fn. omitted; *People v. Young* (1991) 234 Cal.App.3d 111, 115 ["the prior [Vehicle Code] conviction is not an element of a substantive offense under section 666.5, subdivision (a)"].) An " 'Enhancement' means an additional term of imprisonment added to the base term." (Rule 4.405(5).) A statute that employs a prior conviction to define the base term "is entirely different from a statute which imposes an 'enhancement' in addition to that base term." (*People v. Demara* (1995) 41 Cal.App.4th 448, 452; see also *People v. Garcia* (2003) 107 Cal.App.4th 1159, 1165-1166 [same].)

Similarly, a prior conviction used as a strike to double the base term under the three strikes law (§§ 667, subds. (c)(1) & (e)(1), 1170.12, subd. (c)(1)) does not involve an " 'enhancement' " but an " 'alternative sentencing scheme.' " (*People v. Frutoz* (2017) 8 Cal.App.5th 171, 174, fn. 3; see also *People v. Anderson* (2009) 47 Cal.4th 92, 102; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 527; *People v. Sipe* (1995) 36 Cal.App.4th 468, 485.) The three strikes law is not a sentence enhancement because it "does not provide for any kind of 'added term' "; instead "it defines the term for the crime itself, supplanting the term that would apply but for the prior serious or violent felony." (*People v. Martin* (1995) 32 Cal.App.4th 656, 667, disapproved on another ground in *People v. Deloza* (1998) 18 Cal.4th 585, 600, fn. 10.)

On the other hand, prior convictions used to increase a sentence under section 667.5, subdivision (b), may not also be used to impose an aggravated sentence. (*People*

8

*v. McFearson* (2008) 168 Cal.App.4th 388, 392.) Therefore, the prior prison terms that the jury found true—vehicle theft in November 2007 and battery in February 2016—were facts used to support an enhancement and could not also be used as an aggravating factor to support imposition of the upper term for vehicle theft. However, even excluding these two prior convictions, the prosecution presented certified records of eight other prior convictions, including two convictions for burglary and a conviction for petty theft with priors not alleged as prior convictions in the information. As the probation report stated, rule 4.421(b)(2) provides that circumstances in aggravation include "defendant's prior convictions as an adult and sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." Eight prior convictions are "numerous" under rule 4.421(b)(2). (See *People v. Black* (2007) 41 Cal.4th 799, 818 [three misdemeanor and two felony convictions were "numerous" under rule 4.421]; *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098 [three prior convictions are numerous].) Therefore, the trial court properly considered defendant's "numerous" prior convictions, proved by certified records, as a factor in aggravation.

We conclude that trial court's imposition of the upper term was based on certified records of his prior convictions and therefore proper under the amendments to section 1170, subdivision (b), made by Senate Bill 567. The record establishes that, in selecting the upper term, the trial court relied exclusively on the defendant's criminal history, which the prosecution proved with certified records of prior convictions presented at trial. We note that the probation report, which the court stated it had reviewed, set forth as an aggravating factor defendant's prior convictions, citing rule 4.421(b)(2), but also cited several other aggravating factors (e.g., the crime indicated planning and sophistication (rule 4.421(a)(8)), defendant engaged in violent conduct (rule 4.421(b)(1))).[7] However,

---

[7]     The probation report and the trial court found no mitigating circumstances.

9

the court specified defendant's criminal history alone as the basis for imposing the upper term. In resentencing defendant on remand, the record shows that the court decided only to strike the prior prison term enhancements and leave the remainder of the sentence intact, including the reasons for sentencing defendant to the upper term. Based on this record, we conclude the trial court sentenced defendant to the upper term consistent with the amendments to section 1170, subdivision (b)(1)-(3), made by Senate Bill 567.

As for section 1170, subdivision (b)(6), defendant claims that the trial court wrongly failed to consider whether defendant experienced psychological trauma that contributed to his criminal conduct. However, there is nothing in the record suggesting in any way that defendant experienced trauma.[8] (Compare *People v. Banner* (2022) 77 Cal.App.5th 226, 236, 242 [where the record "contained significant evidence of Banner's mental illness," remand was warranted to determine if mental illness was a contributing factor to the crime].) To the contrary, when defendant's counsel argued that the trial court should delay sentencing until Senate Bill 567 was in effect, counsel made no mention of section 1170, subdivision (b)(6), enacted at the same time, and its ameliorative effect for defendants who have suffered trauma, even though this statute potentially could require the court to impose the lower term as opposed to the middle term under section 1170, subdivisions (b)(1) and (2).

Defendant agrees with the People that the trial court had no duty to investigate whether he suffered trauma. Nonetheless, defendant asserts we should remand the case

---

[8]    Defendant notes that in the sections of the probation report regarding psychological and substance abuse issues, the report stated defendant "declined to provide any statement under advice of his legal counsel," which advice was rendered prior to the enactment of Senate Bill 567. Defendant suggests this advice might change on remand. This is mere speculation. Defendant also notes that defense counsel advocated for defendant's placement with Delancey Street, which offers rehabilitation to ex-convicts for substance abuse and alcoholism. However, defense counsel confirmed in response to the court's inquiry that defendant's conduct was not drug related.

so that defense counsel can communicate with defendant regarding section 1170, subdivision (b)(6), and perhaps make the appropriate record, noting that defendant and his counsel had little incentive to do so prior to passage of Senate Bill 567. Defendant points us to no authority that this section entitles a defendant to remand without anything in the record—e.g., in the probation report, evidence at trial, a plea agreement, the statements of counsel for the parties, or the statements of the trial court—indicating or suggesting in any way that the enumerated conditions required for application of section 1170, subdivision (b)(6), are present. If remand were mandated without any support for a claim of trauma in the existing record, every defendant sentenced prior to the adoption of section 1170, subdivision (b)(6), would be entitled to remand to attempt to create a record. We decline to interpret section 1170, subdivision (b)(6) in this manner.

### *Recalculating Custody Credits*

Defendant contends the trial court failed to recalculate custody credits on remand. The People agree that the trial court should have recalculated defendant's custody credit to include his days in custody from the original sentence in 2018 to the sentence imposed in 2021.

When defendant was sentenced in 2018, the abstract of judgment stated that total credit he received for time in custody was 329 days. After resentencing defendant on remand in 2021, the trial court said defendant "will have all [the] credits that apply from his date of arrest to the present, which can be calculated by [the Department of Corrections and Rehabilitation]." The abstract of judgment continued to state that defendant had 329 days of custody credits.

It was the trial court's responsibility to recalculate defendant's custody credits. "When . . . an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' " (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23, quoting § 2900.1 ["Where a defendant has served

11

any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts"].) In *Buckhalter,* the California Supreme Court held "the Court of Appeal erred in concluding that the trial court had no responsibility whatever to recalculate custody credits upon the remand. . . . [U]nder section 2900.1, the trial court, having modified defendant's sentence, should have determined all actual days defendant had spent in custody, whether in jail or prison, and awarded such credits in the new abstract of judgment." (*Buckhalter*, at p. 41; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1011-1013.)

Accordingly, we will direct the trial court to recalculate defendant's custody credits and prepare an amended abstract of judgment. (*People v. Saibu, supra* 191 Cal.App.4th at p. 1013.)

## DISPOSITION

The trial court is directed to recalculate defendant's presentence custody credits, to prepare an amended abstract of judgment incorporating those credits, and forward the amended abstract to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

          /s/
          HOCH, J.

We concur:


 /s/
DUARTE, Acting P. J.


 /s/
EARL, J.

12